FILED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### (Alexandria Division)

2015 OCT 22 P 12: 59

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | | |
|---|---|---|
| **ELIZABETH WARNICK** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| **TRUE COMMUNICATIONS INC** | ) | **Case No.:** 1:15cv1377-GBL/JFA |
| Serve: National Registered Agents, Inc. | ) | |
| 4701 Cox Road, Suite 285 | ) | |
| Glen Allen, Virginia 23060 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **STEPHEN LIBONATE** | ) | |
| Serve: Stephen Libonate | ) | |
| 9521 Bridgewater Court | ) | |
| Frederick Maryland 21701 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **JOHN DELISI** | ) | |
| Serve: John Delisi | ) | |
| 5 Rachel Drive | ) | |
| New Egypt, New Jersey 08533 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **TRUE COMMUNICATIONS INC,** | ) | |
| **401(K) PLAN** | ) | |
| Serve: True Communications Inc. | ) | |
| 22375 Broderick Drive, Suite 215 | ) | |
| Sterling, Virginia 20166 | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW Plaintiff, Elizabeth Warnick, by and through counsel, and in support of her Complaint states the following:

## Parties

1.   Plaintiff Elizabeth Warnick (hereinafter, "Ms. Warnick" or "Plaintiff") resided in the Commonwealth of Virginia at all times relevant to this Complaint.

2.   Defendant True Communications, Inc. (hereinafter, "True Communications" or "Defendant") is a Virginia corporation whose registered office is located at 4701 Cox Road, Suite 285 in Glen Allen, Virginia 23060.

3.   Defendant Stephen Libonate (hereinafter, "Libonate" or "Mr. Libonate") was at all times relevant to this Complaint a director and a shareholder in True Communications and was also a co-fiduciary of the True Communications 401(k) Plan.  As a named co-fiduciary of the 401(k) Plan, Libonate had and exercised discretionary authority and control with respect to the management of the 401(k) Plan, and was therefore a fiduciary with respect to the 401(k) Plan within the meaning of ERISA §§3(21)(A)(i) and (iii), 29 U.S.C. §§1002(21)(A)(i) and (iii) and a party in interest to the Plan within the meaning of ERISA §§3 (14)(A) and (H), 29 U.S.C. §§1002(14)(A) and (H).  Mr. Libonate resides at 9521 Bridgewater Court in Frederick, Maryland 21701.

4.   Defendant John Delisi (hereinafter "Delisi" or "Mr. Delisi") was at all times relevant to this Complaint a director and a shareholder in True Communications, and was also a co-fiduciary of the True Communications 401(k) Plan. As a named co-fiduciary of the 401(k) Plan, Delisi had and exercised discretionary authority and control with respect to the management of the 401(k) Plan, and was therefore a fiduciary with respect to the 401(k) Plan

within the meaning of ERISA §§3(21)(A)(i) and (iii), 29 U.S.C. §§1002(21)(A)(i) and (iii) and a party in interest to the Plan within the meaning of ERISA §§3 (14)(A) and (H), 29 U.S.C. §§1002(14)(A) and (H).  Defendant John Delisi resides at 5 Rachel Drive in New Egypt, New Jersey 08533.

5.      Defendant True Communications Inc. 401(k) Plan is a 401(k) profit sharing plan whose address for purposes of service of process is 22375 Broderick Drive, Suite 215 in Sterling, Virginia 20166.

## Jurisdiction and Venue

6.      This action arises under Title I of the Employee Income Security Act of 1974 ("ERISA"), as amended, 29 U.S. C. §§ 1001, et. seq.; under the Fair Labor Standards Act of 1934 ("FLSA"), as amended, 29 U.S.C. §201, et. seq; and under Virginia common law theories of recovery and is brought by the Plaintiff under ERISA and the FLSA to obtain appropriate relief for breaches of fiduciary duty under ERISA § 409, 29 U.S.C. § 1109, and to obtain such further relief as may be appropriate to redress and to enforce the provisions of Title I of ERISA and the FLSA and to recover damages under ERISA, the FLSA, and Virginia common law.

7.      This Court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1), 28 U.S.C. § 1331, and pursuant to the FLSA 29 U.S.C. §201, et. seq .  The Court also has supplemental jurisdiction under 28 U.S.C. § 1367(a).

8.      Venue of this action lies in the Eastern District of Virginia, Alexandria Division, pursuant to 28 U.S.C. 1391(b) and pursuant to ERISA §

3

502(e) (2), 29 U.S.C. §1132(e)(2), because the breaches of the fiduciary duty with respect to the True Communications Inc. 401(k) Plan ("401(k) Plan") occurred in Loudoun County, Virginia, within this judicial district.

### The 401(k) Plan

9. The 401(k) Plan is an employee benefit plan within the meaning of ERISA §3(3), 29 U.S.C. §1002(3), which is subject to the provisions of Title I of ERISA pursuant to ERISA §4(a), 29 U.S.C. §1003(a).

10. The 401K was established November 1, 2012. See Attached, **Exhibit A** (Summary Plan Description: True Communications Inc. 401(K) Plan).

11. The 401(k) Plan provides benefits to participants upon termination of employment due to death, disability, retirement, or other termination of employment. The 401(k) Plan is funded by voluntary employee contributions.

12. The 401(k) Plan is named as a defendant herein pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to assure that complete relief to the Plaintiff may be granted.

### Facts

13. True Communications provides telecommunication services to businesses targeting the Internet protocol based voice video and data market throughout the United States of America.

14. Plaintiff, Ms. Warnick, worked for Defendant True Communications, Inc. from a time beginning approximately August 4, 2009. Plaintiff was hired by True Communications as its Director of Integrated Communication Services.

4

15. Pleased with her work product every year, Ms. Warnick and Defendant True Communications renewed her employment agreement annually.

16. Plaintiff began participating in the 401(K) Plan on or about August 4, 2009, and made tax deferred contributions of 15 % of her annual salary to the 401(k) Plan which is the maximum employee contribution allowed under the 401(k) Plan. See Attached, **Exhibit A** at Page 3.

17. As Director of Integrated Communication Services, Ms. Warnick was charged with job duties to include, but not limited to, overseeing development of work statements, budgets, project staffing, project management, preparation of program and personnel budgets, and relationship building with customers.

18. Plaintiff performed these duties capably. Nevertheless, in June of 2015, without justification or explanation, True Communications first refused to pay Warnick her wages for the two-week pay period beginning May 31, 2015 and ending June 13, 2015. Thereafter Ms. Warnick was not paid any wages and none of her 401(k) Plan contributions were made by the Defendants from May 31, 2015 through August 28, 2015. Further still, preceding the first non-payment of wages on May 31, 2015, from January 10, 2015 through May 31, 2015, Defendant True Communications paid Plaintiff's wages; however, Defendants failed to contribute deductions withheld from her salary into the 401(k) Plan.

19.   In a series of intentionally or recklessly misleading emails to Warnick on July 7, 2015, July 17, 2015, and continuing, Mr. Stephen Libonate e-mailed Warnick to assure her that Defendant True Communications was in the process of overcoming a "final hurdle" in the "legal process" to become "a stronger company with a financial partner " to "provide us with the tools we need to continue to win more contracts and grow the company."  See Attached, **Exhibit B** (July 7, 2015, Email from Libonate).

20.   Again on July 17, 2015, Libonate emailed Ms. Warnick to guarantee that Defendants would "finalize the transaction" and would become "a stronger company." See Attached **Exhibit C** (July 17, 2015, Email from Stephen Libonate).

21.   On July 27, 2015, Libonate emailed Plaintiff again and guaranteed that she would be paid her past due wages, stating that "the [re-financing or merger] process would be completed by the end of this month and all payments that are pending will be satisfied . . . being put on furlough as a result of this process has been equally challenging and can be the cause of additional frustration, please bear with us for a little longer and we will have the re-capitalization completed."  See Attached, **Exhibit D** (July 24, 2015 Email from Stephen Libonate).

22.   Again on August 11, 2015, Libonate wrote an email to Warnick to advise her that a merger was being "finalize[d]" and that the "financial team" secured "over $20M dollars" to "restructure our debt."  See Attached, **Exhibit E** (August 11, 2015, Email from Stephen Libonate).

6

23.    On August 28, 2015, Libonate wrote Plaintiff to inform her that her employment with True Communications Inc. was terminated, effective immediately but that "Your benefits will be covered in full through August 31, 2015."    See Attached, **Exhibit F** (True Communications, Inc. Letter dated August 28, 2015).

24.    To date, Plaintiff has not been paid her salary for the period beginning May 31, 2015 and ceasing August 28, 2015. Defendants have not made 401(k) contributions for the period January 10, 2015 through August 28, 2015.

## COUNT I
### Failure to Remit Participant Salary Deferrals to the 401(k) Plan
### (Against Defendants Libonate and Delisi)

25.    Plaintiff reasserts and incorporates by reference the allegations set forth in paragraphs 1 through 24 of the Complaint as if fully set forth herein.

26.    The 401(k) Plan's documents provide, in relevant part, that participants can make salary reduction contributions to the 401(k) Plan.  Such deferred amounts will be contributed to the 401(k) Plan and allocated to the participants' accounts during the period of time for which a contribution to the plan is allocated.

27.    During the period from January 10, 2015 to May 31, 2015, the Company withheld from Plaintiff's pay salary reduction contributions to the 401(k) Plan and failed to timely remit the amounts withheld into the 401(k) Plan's account.  On information and belief, the Company retained in its own general assets the salary reduction contributions to the 401(k) Plan withheld

7

from Plaintiff's pay.  See Attached, **Exhibit G** (401(k) Plan Contribution Spreadsheet).

28.    During the period from May 31, 2015 to August 28, 2015, the Company did not pay Plaintiff's salary and failed to make Plaintiff's elected pay salary reduction contributions to the 401(k) and failed to remit the amounts withheld into the 401(k) Plan's account.  On information and belief, the Company and its officers and directors retained for their own benefit the general assets of the amounts that should have been contributed to the 401(k) Plan and withheld from Plaintiff's pay. See Attached, **Exhibit G** (401(k) Plan Contribution Spreadsheet).

29.    During the period from January 10, 2015, through August 28, 2015 Libonate and Delisi, jointly and severally, as joint trustees under the 401(k) Plan, caused the Company to retain the Plaintiff's voluntary participant salary withholdings intended for the 401(k) Plan and failed to ensure that such voluntary participant withholdings were deposited in to the 401(k) account.

30.    By the Conduct described herein, Defendants Libonate and Delisi, jointly and severally:

a.    violated ERISA §403(a) and (c)(1), 29 U.S.C. §1103(a) and (c)(1), which requires that all assets of an employee benefit plan be held in trust and never inure to the benefit of the employer;

b.    failed to act exclusively in the interest of the Plaintiff as a 401(k) Plan participant and beneficiary of the 401(k) Plan and for the exclusive purpose of providing benefits to the Plaintiff as a 401(k) Plan participant and

defraying the reasonable expenses of plan administration, all in violation of ERISA §404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

      c.    failed to discharge their duties with respect to the 401(k) Plan in accordance with the documents and instruments governing the 401(k) Plan in violation of ERISA Section 404(a)(1)(D), 29 U.S.C. 1106(a)(1)(D); and

      d.    dealt with assets of the a plan in their own interest or acted on behalf of a party whose interests are adverse to the interests of the plan of the interests of plan participants, in violation of ERISA §§406(b)(1) and (2), 29 U.S.C. §1106(b)(1) and (2).

## COUNT II
### Co-Fiduciary Liability of Failure to Take Reasonable Steps
### To Remedy the 401(k) Plan Breach
### (Against Defendants Libonate and Delisi)

31.    Plaintiff reasserts and incorporates by reference the allegations set forth in paragraphs 1 through 30 of the Complaint as if fully set forth herein.

32.    Defendants Libonate and Delisi had knowledge of each other's failure to remit participants' salary deferral contributions to the 401(k) Plan, as described herein.

33.    Defendants Libonate and Delisi did not take any steps to remedy the other co-trustee's breach.

34.    By the conduct described in paragraphs 19-23 above, Defendants Libonate and Delisi are liable, pursuant to ERISA §405(a)(3), 29 U.S.C. 1105(a)(3), for the breaches of the fiduciary responsibility by each co-fiduciary with respect to the 401(k) Plan.

## COUNT III
## Violation of Minimum Wage and Overtime Requirements
### (Against True Communications, Inc. and Libonate)

35.   Plaintiff reasserts and incorporates by reference the allegations set forth in paragraphs 1 through 34 of the Complaint as if fully set forth herein.

36.   Defendants did not compensate Plaintiff for all hours she was required and/or "suffered or permitted" to work with the actual and/or constructive knowledge of the Defendants.   At all times, Defendants had the ability to control the time, manner, and location of Plaintiff's tasks, retained the power to hire and fire her, and did not share in profit or losses and in all manners acted as employers.

37.   Defendants failed to pay Plaintiff the federally mandated minimum wage for the workweeks beginning May 31, 2015 and ending August 28, 2015.

38.   Defendants failed to pay Plaintiff time and one-half of her regular rate of pay for all hours over 40 worked in a workweek.   A true copy of the memorandum kept by Ms. Warnick of the hours worked and the payment not received is attached hereto.   See Attached, **Exhibit H** (Plaintiff's Verified Record of Hours Worked and Non-Payment of Wages).   The total amount due for simple wages is $16,900.16 (Sixteen Thousand Nine Hundred and 16/100 Dollars) which does not include overtime or statutory enhancements.

39.   By reason of the foregoing, Plaintiff has been damaged and is due unpaid compensation, including unpaid overtime compensation and unpaid minimum wages, in an amount equal to that unpaid compensation as

liquidated damages, as well as reasonable expenses and costs pursuant to 29 U.S.C. §216(b).

**COUNT IV**
**Breach of Contract**
**(Against True Communications, Inc and Libonate)**

40.    Plaintiff reasserts and incorporates by reference the allegations set forth in paragraphs 1 through 39 of the Complaint as if fully set forth herein.

41.    As part of the employment relationship with Defendants, a valid and enforceable contract was entered into by and between Defendant True Communications, Inc. and the Plaintiff.    Pursuant to the employment agreement, Defendant promised to compensate Plaintiff on an annual salary basis.

42.    Ms. Warnick was employed by True Communications and faithfully performed her duties as Director of Integrated Communications Services pursuant to the employment agreement.    Despite this fact, True Communications failed to pay Ms. Warnick wages during the period beginning May 31, 2015 and ending August 28, 2015.

43.    Thus, despite Plaintiff's performance of her contractual duties owed to the Defendant True Communications, Defendant True Communications has failed and refused to compensate the Plaintiff in accord with the terms of the employment agreement.    In so refusing, Defendant has breached the conditions, covenants and promises required of it, on its part to be performed, under the employment agreement.

44.    As a result thereof, Plaintiff has suffered, and continues to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorney's fees in seeking to compel Defendant to fully perform its contractual obligations, and to Plaintiff's respective damage in amounts according to proof at the time of trial.

WHEREFORE, Plaintiff respectfully requests the relief as requested herein.

## <u>COUNT V</u>
### Virginia Common Law Unjust Enrichment
### (Against All Defendants)

45.    Plaintiff reasserts and incorporates by reference the allegations set forth in paragraphs 1 through 44 of the Complaint as if fully set forth herein.

46.    During the period beginning August 4, 2009 and ending August 28, 2015, Plaintiff provided services for Defendant as a Director of Integrated Communications Services pursuant to the terms of an employment agreement. Defendant True Communications employed the Plaintiff as its Director of Integrated Communications Services with substantial responsibilities to the company.

47.    Although Ms. Warnick was employed by True Communications and faithfully performed her duties as Director of Integrated Communications Services, all pursuant to the contractual obligations between the parties. Nevertheless, True Communications failed to pay Ms. Warnick wages during the period beginning May 31, 0215 and ending August 28, 2015.

48.    Thus, despite Plaintiff's performance of all of her contractual duties owed to the Defendant True Communications, Inc., the Defendant True Communications Inc., has failed and refused to compensate the Plaintiff in accord with the terms of the employment agreement.

49.    Defendant knew the services of the Plaintiff were being rendered and at all times relevant promised to pay the Plaintiff her wages, as promised and agreed upon in the offer of employment and in other correspondence sent to Plaintiff.

50.    To no avail, Plaintiff has demanded compensation from Defendant for her work and services rendered.

51.    At all times alleged herein, Defendants have refused to compensate Plaintiff for her work and for the services rendered.

52.    Plaintiff is entitled to compensation for the fair and reasonable value of the services provided to the Defendants, in amounts to be determined at trial.

WHEREFORE, Plaintiff respectfully requests the relief requested herein

### COUNT VI
### Fraud
### (Against Defendants Libonate and True Communications, Inc.)

53.    Plaintiff reasserts and incorporates by reference the allegations set forth in paragraphs 1 through 52 of the Complaint as if fully set forth herein.

54.    Defendants were well aware of the existence of a valid and enforceable employment agreement between Defendant True Communications and Ms. Warnick and the duty to pay Ms. Warnick.

13

55.    Defendants were well aware that True Communications, Inc. was not "finalizing" a merger that would allow the company to "win more contracts and grow the company" yet made such statements intending Plaintiff to rely up on the same.

56.    Despite Defendant's actual knowledge of the contractual obligation between True Communications, Inc. and Ms. Warnick, Defendants began methodically selecting and isolating Ms. Warnick from being paid her wages while retaining the benefits and income from the company.  Defendants had actual knowledge at the time of making the statements referenced in Exhibits A-D, *supra,* that the company was not nearing any type of merger and instead knowingly and purposefully made false statements that it knew Plaintiff would rely upon to her detriment.

57.    Plaintiff relied upon the fraudulent statements, representations, and assurances of the Defendants, and said reliance upon the fraudulent representations has caused and will continued to cause Ms. Warnick to suffer significant financial damages.

WHEREFORE, Plaintiff respectfully requests the relief as requested herein.

## COUNT VII
### Breach of Implied Covenant of Good Faith and Fair Dealing
### (Against: All Defendants)

58.    Plaintiff hereby reasserts and incorporates by reference the allegations set forth in paragraphs 1 through 57 of the Complaint as if fully set forth herein.

14

59. Defendants were well aware of the existence of a valid and enforceable employment agreement between Defendant True Communications and Ms. Warnick and the duty to pay Ms. Warnick under the terms of the employment agreement.

60. Defendants were well aware that True Communications, Inc. was not on the cusp of "finalizing" a merger that would allow the company to "win more contracts and grow the company."

61. Despite Defendant's actual knowledge of the contractual obligations that True Communications, Inc. and Defendant Libonate owed to Ms. Warnick, Defendants True Communications Inc and Libonate began methodically selecting and isolating Ms. Warnick as an employee who would not receive her wages while personally retaining the benefits of the company.

62. Defendants owed a duty of good faith and fair dealing to the Plaintiff which was a duty implied in the employment agreement entered into by and between the Defendants and the Plaintiff, in their long course of employment, and by Plaintiff's justifiable reliance on Defendants' repeated representations that she would eventually be paid and that Defendant was nearing the finalization of a merger and had secured $20M in funds to restructure the debt and that Plaintiff would be paid the money owed to her. See Attached, **Exhibits B-E.**

63. The duty of good faith and fair dealing required Defendants to refrain from taking any action which would deprive Plaintiff of the benefits to

15

which she was entitled under the employment agreement and the 401(k) Plan, both oral and written, existing between the parties.

64.    Plaintiff is informed and believes, and thereon alleges that Defendants acted in bad faith by engaging in inherently deceptive conduct in a calculated attempt to circumvent and defeat the terms and purpose of the employment agreement.

65.    As a direct and proximate result thereof, Plaintiff has suffered significant financial damages.

WHEREFORE, Plaintiff respectfully requests the relief as requested herein.

### Prayer for Relief

WHEREFORE, Plaintiff prays for judgment and relief as follows:

1.    For actual and compensatory damages;

2.    For restitution of all monies, wages, 401(k) Plan contributions, and payroll taxes withheld but not paid to the United States Treasury that are due to the Plaintiff or the United States Treasury.

3.    For disgorgement of profits from Defendants Libonate and Delisi from the illegal business practices of Defendants and other equitable relief;

4.    For penalties pursuant to applicable labor laws, ERISA, the FLSA and Virginia common law;

5.    For interest accrued to date pursuant to applicable law;

6.    For nominal damages;

7.  For a judgment permanently enjoining Libonate and Delisi from violating the provisions of Title I or ERISA;

8.  Ordering Libonate and Delisi to make good to the 401(k) Plan for losses, including interest, resulting from fiduciary breaches committed by them or for which they are liable;

9.  Ordering Libonate and Delisi to correct the prohibited transactions in which they engaged relating to the 401(k) Plan;

10. For a permanent injunction forever enjoining Libonate and Delisi from serving as a fiduciary or service provider to any ERISA-covered employee benefit plan;

11. Ordering the Defendants, jointly and severally, to pay the Plaintiff her attorney's fees and costs for this action;

12. To pierce the corporate veil and hold Libonate and Delisi liable for the amounts owed to Plaintiff;

13. To award Plaintiff $200,000 in punitive damages against all Defendants; and

14. For such other and further relief as this Honorable Court deems just and proper.

## Jury Demand

Plaintiff respectfully demands a trial by jury on all counts so triable.

17

Dated: October 22nd 2015    By: 

Geoffrey S. Burke (VSB# 75728)
gburke@burkelawpractice.com
BURKE LAW, PLC
100 NORTH PITT STREET
Suite 206
Alexandria, VA 22314
Telephone: (703) 665-4454
Facsimile: (703) 649-6224

**Counsel for Elizabeth Warnick**

18

## <u>CERTIFICATION OF PLAINTIFF ELIZABETH WARNICK</u>

I hereby Certify under the Penalty of Perjury that I have reviewed the Complaint to which this Certification is attached with Counsel and where necessary it has been explained to me.   The Exhibit attached to the Complaint as Exhibit H is a true and accurate accounting of the wages which were owed but not paid to me by the Defendant True Communications.   The attached Exhibit G is a true and accurate accounting of the 401(k) Plan deposits that were not remitted by Defendants and / or were remitted late.

I hereby request that my attorney(s) be paid their reasonable attorney's fees and costs incurred.

I make this Certification under Oath.

Executed on this the _22_ th day of October 2015.

BY: _Elizabeth Warnick_

COUNTY OR CITY OF _Alexandria_

COMMONWEALTH OF VIRGINIA

Sworn to and subscribed before me this the 16th day of September 2015.

_R. Schlosberg_    _7582354_
Notary Public  &  Registration #

_3/31/2018_
My Commission Expires

RUTH SCHLOSBERG
NOTARY
PUBLIC
REG # 7582354
MY COMMISSION
EXPIRES
3/31/2018
COMMONWEALTH OF VIRGINIA

19