IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ELIZABETH WARNICK,                    )
                                      )
                Plaintiff,            )
                                      )
        v.                            )     Civil Action No. 1:15cv1377 (GBL/JFA)
                                      )
TRUE COMMUNICATIONS, INC., *et al.*,  )
                                      )
                Defendants.           )
_____)

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on plaintiff's motion for default judgment (Docket no. 16) against defendants True Communications, Inc. ("True Communications"), Stephen Libonate ("Libonate"), John Delisi ("Delisi"), and True Communications, Inc. 401(k) Plan (the "Plan"). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all interested parties.

## Procedural Background

Plaintiff filed the complaint in this action on October 22, 2015. (Docket no. 1) ("Compl."). Upon the filing of the complaint, summonses were issued for service on defendants. (Docket no. 2). On October 28, 2015, True Communications' registered agent, National Registered Agents, Inc., was served with a copy of the summons and complaint at 4701 Cox Road, Suite 285, Glen Allen, VA 23060. (Docket no. 4). On November 3, 2015, Delisi was personally served with a copy of the summons and complaint at 5 Rachel Drive, New Egypt, NJ 08533. (Docket no. 9). On November 5, 2015, Libonate was served with a copy of the summons and complaint as co-fiduciary of the Plan and as a director of True Communications at

9521 Bridgewater Court, Frederick, MD 21701. (Docket nos. 5, 6). Libonate was also served in his personal capacity on November 5, 2015. (Docket no. 7). As discussed more fully below, service of process was proper as to all defendants. In accordance with Fed. R. Civ. P. 12(a), a responsive pleading was due from True Communications, Delisi, Libonate, and the Plan on November 18, 2015, November 24, 2015, November 26, 2015, and November 26, 2015, respectively. Defendants have not filed an answer or other responsive pleading and the time for doing so has expired.

On November 23, 2015, plaintiff filed a request for entry of default as to True Communications (Docket no. 10) along with an affidavit in support from Geoffrey S. Burke (Docket no. 10 at 2–3) and an exhibit (Docket no. 10-1). On November 25, 2015, the Clerk of Court entered default against True Communications pursuant to Fed. R. Civ. P. 55(a). (Docket no. 11). On December 1, 2015, plaintiff filed requests for entry of default as to Libonate and Delisi. (Docket nos. 12, 13). On December 2, 2015, the Clerk of Court entered default against Libonate and Delisi. (Docket nos. 14, 15).

On February 17, 2016, plaintiff filed a motion for default judgment against the defendants (Docket no. 16), a memorandum in support (Docket no. 17), affidavits in compliance with the Servicemembers Civil Relief Act, 50 U.S.C. § 3901 *et seq.* (Docket nos. 17-1, 17-2), an exhibit of the summary plan description of the Plan (Docket no. 17-3), an exhibit of plaintiff's timecards (Docket no. 17-4), exhibits of communications by True Communications employees (Docket nos. 17-5, 17-6, 17-7, 17-8, 17-9), a declaration from plaintiff (Docket no. 17-10) ("Warnick Decl."), and a notice setting a hearing on the motion for March 11, 2016 (Docket no. 18). The motion for default judgment, supporting papers, and notice of hearing were served on defendants by first-class United States mail on February 17, 2016 through the following

addresses: Stephen Libonate, 9521 Bridgewater Court, Frederick, MD 21701; John Delisi, 5

Rachel Drive, New Egypt, NJ 08533; and True Communications, Inc. and True

Communications, Inc. 401(k) Plan, 22375 Broderick Drive, Suite 215, Sterling, VA 20166.

(Docket nos. 16 at 3, 17 at 18, 18 at 2).  On March 11, 2016, counsel for the plaintiff and the

plaintiff appeared at the hearing before the undersigned and no one appeared on behalf of

defendants.

### Factual Background

The following facts are established by the complaint and the memorandum and materials

submitted in support of the motion for default judgment (Docket no. 17).

Defendant True Communications provides telecommunications services to businesses

targeting the Internet protocol-based voice, video, and data market throughout the United States.

(Compl. ¶ 13).  Defendants Stephen Libonate and John Delisi were at all times relevant to this

action directors and shareholders in True Communications and named co-trustees of the Plan.

(Compl. ¶¶ 3, 4; Docket no. 17, Ex. C at 4).  Both Libonate and Delisi exercised discretionary

authority and control over the management of the Plan.  (Compl. ¶¶ 3, 4).  Thus, Libonate and

Delisi were fiduciaries to the Plan within the meaning of ERISA and parties in interest to the

Plan under ERISA. *See* 29 U.S.C. §§ 1002(21), 1002(14)(A), (H).  The Plan was established on

November 1, 2012 and permitted participants to contribute a portion of their pay through payroll

deductions.  (Compl. ¶¶ 10, 11).

Plaintiff was hired by True Communications as its Director of Integrated Communication

Services and began work on approximately August 4, 2009.  (Compl. ¶ 14).  Plaintiff's duties

included the development of work statements, budgets, project staffing, project management,

preparation of program and personnel budgets, and relationship building with customers.

(Compl. ¶ 17). Plaintiff began participating in the Plan during her employment and made tax-deferred contributions of 15% of her annual salary to the Plan. (Compl. ¶ 16). In 2015, plaintiff agreed to continue her work at True Communications in exchange for an annual salary of $118,000. (Warnick Decl. ¶ 7).

Beginning on January 10, 2015, defendants failed to contribute deductions withheld from plaintiff's salary into the Plan. (Compl. ¶ 18). Additionally, in June 2015, True Communications failed to pay plaintiff her wages for the two-week pay period of May 31, 2015 through June 13, 2015. (Compl. ¶ 18).

On July 7, 2015, Libonate sent an email to plaintiff and others indicating that True Communications was in the process of completing a "transaction" that would result in a "stronger company with a financial partner who has the financial resources to provide [True Communications] with the tools [it] need[s] to continue to win more contracts and grow." (Docket no. 17, Ex. E). Thereafter, on July 17, 2015, Libonate sent another email to plaintiff and others indicating that True Communications' "efforts to finalize the transaction are nearing completion as [it] work[s] with the financial institutions to complete all of the necessary processes and paperwork." (Docket no. 17, Ex. F). On July 27, 2015, Libonate emailed plaintiff and others and expressed understanding that "there is concern about the status of the process we have undertaken to re-capitalize [True Communications]." (Docket no. 17, Ex. G). In this email, Libonate indicated that he "expect[ed] that the process will be completed by the end of [July 2015] and all payments that are pending will be satisfied." (*Id.*). Libonate ended the email by expressing his understanding that "for some being put on furlough as a result of this process has been equally challenging and can be the cause of additional frustration," but asked that plaintiff "bear with us for a little longer and we will have the re-capitalization completed." (*Id.*).

4

On August 11, 2015, Libonate indicated that $20 million dollars had been secured "to restructure [True Communications'] debt and procure the acquisition/merger of the business entity." (Docket no. 17, Ex. H). Libonate expressed that "[t]he release of funds is predicated on the acquisition/merger documents being completed," which was "not yet complete but ongoing" and a resolution was expected "very shortly." (*Id.*).

On August 28, 2015, Libonate sent plaintiff a letter that terminated her employment effective August 28, 2015 and also indicated that plaintiff's "benefits [would] be covered in full through August 31, 2015." (Docket no. 17, Ex. I). However, prior to her termination, plaintiff was not paid any wages for work completed from May 31, 2015 through her date of termination. (Compl. ¶ 24). During the period of May 31, 2015 through August 28, 2015, plaintiff alleges she worked approximately 520 hours. (Warnick Decl. ¶ 11). Defendants also failed to make contributions to the Plan on plaintiff's behalf for the period of January 10, 2015 through August 28, 2015. (Compl. ¶ 24).

### Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Based on defendants True Communications, Delisi, and Libonate's failure to file a responsive pleading in a timely manner, the Clerk of Court has entered default against these defendants. (Docket nos. 11, 14, 15). Because the Clerk of Court has not entered default against the Plan, the recommendations that follow only pertain to defendants True Communications, Delisi, and Libonate (hereafter the "defendants").

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a

responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.

### Jurisdiction and Venue

A court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment. Plaintiff alleges that this court has subject matter jurisdiction under Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132. (Compl. ¶ 7). This case is properly before the court under its federal question jurisdiction pursuant to 29 U.S.C. § 1132(e) because it is brought under ERISA for an alleged failure to make contributions in accordance with a defined-contribution plan or individual-account plan. Plaintiff further alleges that this court has subject matter jurisdiction under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (Compl. ¶ 7). The FLSA states that any action to recover unpaid minimum wages may be maintained "in any Federal or State court of competent jurisdiction." 29 U.S.C. § 216(b). This case is also properly before the court pursuant to 29 U.S.C. § 216(b) because it is brought under the FLSA for an alleged failure to pay minimum wages. Thus, this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. The court may also exercise supplemental jurisdiction over the remaining state law claims because they arise from a common nucleus of operative fact. *See* 28 U.S.C. § 1367; *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

The court also has personal jurisdiction over the defendants. As stated in the complaint, True Communications is a corporation formed under the laws of Virginia. (Compl. ¶ 2). Further, this court has personal jurisdiction over Libonate and Delisi because Virginia's long-arm statute authorizes the exercise of jurisdiction and both Libonate and Delisi satisfy the minimum contacts test under the Due Process Clause of the Fourteenth Amendment. *See CFA Inst. v. Inst. of Chartered Fin. Analysts of India*, 551 F.3d 285, 292 (4th Cir. 2009). Libonate and Delisi were directors and shareholders in True Communications, a Virginia corporation, and co-fiduciaries of the Plan, the address of which was in Sterling, Virginia (Compl. ¶¶ 3–5). Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in the Eastern District of Virginia. (Compl. ¶ 8). Venue is also proper in this court pursuant to 29 U.S.C. § 1132(e)(2) because the alleged breaches of fiduciary duty under ERISA occurred in this District. (*Id.*).

For these reasons, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that the court has personal jurisdiction over the defendants, and that venue is proper in this court.

### Service

Federal Rule of Civil Procedure 4(e)(1) authorizes service on an individual within a judicial district of the United States, provided that service adheres to the state law governing that practice in courts of general jurisdiction where the federal district court is located. Under Virginia law, serving an individual must first be attempted by in-person delivery of the complaint and summons. *See* Va. Code Ann. § 8.01-296(1). When serving a corporation, Federal Rule of Civil Procedure 4(h)(1) authorizes service through the manner prescribed in Rule

4(e)(1) or by delivering a copy of the summons and complaint to an officer, managing agent, general agent, or any other agent authorized by law to receive service of process.

On October 22, 2015, the Clerk of Court issued a summons addressed to True Communications, with service on National Registered Agents, Inc. as the corporation's registered agent, and additional summonses addressed to Libonate and Delisi in their personal capacities. (Docket no. 2). Executed copies filed with the court confirmed personal service of a copy of the summons and complaint on October 28, 2015 on National Registered Agents, Inc. at 4701 Cox Road, Suite 285, Glen Allen, VA 23060, as well as on November 5, 2016 on Libonate as a director of True Communications. (Docket nos. 4, 6). On November 3, 2015, Delisi was served in his personal capacity at 5 Rachel Drive, New Egypt, NJ 08533. (Docket no. 9). On November 5, 2015, Libonate was served in his personal capacity at 9521 Bridgewater Court, Frederick, MD 21701. (Docket no. 7).

Based on the foregoing, the undersigned magistrate judge recommends a finding that defendants were served properly with the summons and complaint.

### Grounds for Entry of Default

In accordance with Federal Rule of Civil Procedure 12(a), defendants were required to file a responsive pleading within twenty-one days after receiving service of process. No responsive pleadings have been filed and the time for doing so has expired. On November 23, 2015, plaintiff requested an entry of default against True Communications. (Docket no. 10). On November 25, 2015, the Clerk of Court entered default against True Communications in accordance with Rule 55(a) of the Federal Rules of Civil Procedure. (Docket no. 11). On December 1, 2015, plaintiff requested an entry of default against Libonate and Delisi. (Docket nos. 12, 13). On December 2, 2015, the Clerk of Court entered default against Libonate and

8

Delisi in accordance with Rule 55(a) of the Federal Rules of Civil Procedure. (Docket nos. 14, 15).

On February 17, 2016, plaintiff filed a motion for default judgment (Docket no. 16), a memorandum in support (Docket no. 17), affidavits in compliance with the Servicemembers Civil Relief Act, 50 U.S.C. § 3901 *et seq.* (Docket nos. 17-1, 17-2), an exhibit of the summary plan description of the Plan (Docket no. 17-3), an exhibit of plaintiff's timecards (Docket no. 17-4), exhibits of communications by True Communications employees (Docket nos. 17-5, 17-6, 17-7, 17-8, 17-9), and a declaration from plaintiff (Warnick Decl.). Plaintiff also filed a notice of hearing, setting the motion for default judgment before the undersigned on Friday, March 11, 2016. (Docket no. 18). The certificates of service accompanying these filings also indicate that counsel sent copies to defendants at their last known mailing address. (Docket nos. 16–18).

For these reasons, the undersigned magistrate judge recommends a finding that the Clerk of Court has properly entered a default as to the defendants.

## Liability

According to Fed. R. Civ. P. 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Because the defendants failed to file a responsive pleading and are in default, they admit the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6).

As set forth in the complaint, defendants allegedly violated certain provisions of ERISA, the FLSA, breached an employment agreement, were unjustly enriched, committed fraud, and breached of implied covenant of good faith and fair dealing. (Compl. ¶¶ 25–65). Plaintiff claims that Libonate and Delisi, as co-fiduciaries of the Plan, violated ERISA by failing to remit the appropriate contributions from plaintiff's wages to the Plan and failing to correct the others'

breach of their fiduciary duty to the Plan. (Compl. ¶¶ 25–34). Plaintiff also claims that True

Communications and Libonate failed to compensate plaintiff based on the federal minimum

wage for each hour she worked. *See* 29 U.S.C. § 206(a). (Compl. ¶¶ 35–39). Plaintiff also

claims that True Communications and Libonate breached an employment agreement with

plaintiff to pay plaintiff her annual salary from May 31, 2015 through August 28, 2015. (Compl.

¶¶ 40–44). Plaintiff also claims that all defendants were unjustly enriched based on plaintiff

having worked for True Communications and received no pay. (Compl. ¶¶ 45–52). Plaintiff

also claims that True Communications and Libonate committed fraud by communicating

statements that True Communications was finalizing a merger and re-capitalizing and allowing

plaintiff to continue to work without pay on reliance on these statements, when True

Communications and Libonate were aware that such statements were false. (Compl. ¶¶ 53–57).

Finally, plaintiff alleges that all defendants breached an implied covenant of good faith and fair

dealing because defendants were aware that no merger was being finalized, but allowed plaintiff

to continue to rely upon assurances that she would be paid when the merger was completed.

(Compl. ¶¶ 58–65).

As set forth in the memorandum in support of plaintiff's motion for default judgment,

plaintiff seeks $3,770.00 in unpaid wages; $3,770.00 in liquidated damages; $23,215.21 in

compensatory damages for breach of contract; $11,851.85 in restitution and pre-judgment

interest for unremitted withholdings to the Plan; $200,000 in punitive damages; attorney's fees

and costs[1]; equitable relief removing Delisi and Libonate as fiduciaries of the Plan and enjoining

Delisi and Libonate from ever serving as a fiduciary to, or service provider of, any employee-

benefit plan subject to ERISA; and post-judgment interest.

---

[1] Plaintiff has also filed a Motion to Award Attorney's Fees and Costs Incurred (Docket no. 19), which
seeks an award of attorney's fees and costs. As such, plaintiff's request for attorney's fees and costs is not
considered by the undersigned in this Report and Recommendation.

**Count I: Failure to Remit Participant Salary Deferrals to the Plan (Against Libonate and Delisi)**, and

**Count II: Co-Fiduciary Liability for Failure to Take Reasonable Steps to Remedy the Plan Breach (Against Libonate and Delisi)**

Plaintiff's complaint purports to bring Count I against Libonate and Delisi simply under Title 1 of ERISA. (Compl. ¶ 6). Plaintiff's memorandum in support of her motion for default judgment narrows this count as arising under Sections 502(a)(1)(B), 502(a)(2), and 502(a)(3) of ERISA, 29 U.S.C. §§ 1132(a)(1)(B), (a)(2), and (a)(3). (Docket no. 17 at 5, 6).

Plaintiff worked for True Communications from August 4, 2009 through August 28, 2015. (Compl. ¶¶ 14, 23). The Plan was established on November 1, 2012 and is an employee-benefit plan within the meaning of ERISA. (Compl. ¶¶ 9–10). Libonate and Delisi were co-trustees of the Plan. (Compl. ¶¶ 3, 4; Docket no. 17, Ex. C at 4). Both Libonate and Delisi exercised discretionary authority and control over the management of the Plan. (Compl. ¶¶ 3, 4). Thus, Libonate and Delisi were fiduciaries to the Plan within the meaning of ERISA and parties in interest to the Plan under ERISA. *See* 29 U.S.C. §§ 1002(21), 1002(14)(A), (H).

During the period of January 10, 2015 to May 31, 2015, True Communications withheld contributions from plaintiff's pay, but failed to remit the amounts withheld into the Plan's accounts. (Compl. ¶ 27). Instead of remitting the contributions to the Plan, True Communications retained the contributions in its own general assets. (*Id.*). Furthermore, from the period of May 31, 2015 through August 28, 2015, True Communications did not pay plaintiff any wages and also failed to remit any amounts withheld into the Plan's account. (Compl. ¶ 28). As before, True Communications retained the contributions for its own use in its general assets. (*Id.*). Plaintiff alleges that Libonate and Delisi caused True Communications to retain plaintiff's

11

contributions to the Plan and failed to ensure that such withholdings were properly deposited into the Plan. (Compl. ¶ 29). Plaintiff also alleges that Libonate and Delisi failed to remedy the fiduciary breach of the other. (Comp. ¶¶ 32–33).

Plaintiff has established that Libonate and Delisi, as co-fiduciaries of the Plan, violated Sections 403(a), 403(c)(1), 404(a)(1)(A), 404(a)(1)(D), 406(b)(1), and 406(b)(2) of ERISA. 29 U.S.C. §§ 1103(a), 1103(c)(1), 1104(a)(1)(A), 1104(a)(1)(D), 1106(b)(1), and 1106(b)(2). Plaintiff has shown that Libonate and Delisi failed to ensure that the assets of the Plan were held in trust and never inured to the benefit of the employer, failed to act exclusively in the best interests of the Plan and its beneficiaries; failed to discharge their duties under the Plan's governing documents, dealt with the assets in their own interest or in a manner adverse to the Plan's participants, and failed to remedy the breaches of other fiduciaries of the Plan. Accordingly, plaintiff is entitled to relief for these violations.

Plaintiff seeks $11,851.85 in restitution for unremitted Plan withholdings, which consists of $11,617.29 in restitution for undeposited Plan contributions from January 10, 2015 through August 28, 2015, which plaintiff claims is 17 bi-weekly pay periods at $683.37 per pay period, and $234.56 in "restitution opportunity cost damages." (Docket no. 17 at 15–16). However, January 10, 2015 through August 28, 2015 consists of 33 weeks, which would entitle plaintiff to 16 bi-weekly pay periods and 1 remaining week of undeposited contributions. Accordingly, plaintiff is entitled to **$11,275.61** (33 weeks x $341.685 per week) in unremitted Plan withholdings.

Plaintiff's request for "restitution opportunity cost damages" is understood by the undersigned to be a request for pre-judgment interest. The awarding of pre-judgement interest in this ERISA action is left to the sound discretion of the court. 29 U.S.C. § 1132(g); *Quesinberry*

*v. Life Ins. Co. of North America*, 987 F.2d 1017, 1030 (4th Cir.1993) ("ERISA does not specifically provide for pre-judgment interest, and absent a statutory mandate the award of pre-judgment interest is discretionary with the trial court"). The undersigned finds the claimed amount of **$234.56** in pre-judgment interest to be fair and reasonable. *See Edmonds v. Hughes Aircraft Co.*, No. 1:96-1368-A, 1998 WL 782016, at *3 (E.D. Va. Nov. 6, 1998) (holding in an ERISA action that the "awarding [of] pre-judgment interest is essentially equitable in that it is intended to compensate the plaintiff for the loss of use of her money and thereby to make her whole").

Finally, ERISA provides:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

29 U.S.C. § 1109(a). Thus, any recovery under ERISA for breach of a fiduciary duty must inure to the benefit of the plan as a whole. *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 140–44, (1985) (noting that ERISA provides a cause of action for breach of fiduciary duty in order to address the concern of "misuse and mismanagement of plan assets by plan administrators"); *Smith v. Sydnor*, 184 F.3d 356, 363 (4th Cir. 1999).

For these reasons, the undersigned recommends that a default judgment be entered in favor of plaintiff on Counts I and II against defendants Libonate and Delisi in the amount of **$11,510.17** (consisting of $11,275.61 in unremitted Plan withholdings + $234.56 in pre-judgment interest). The undersigned further recommends that Libonate and Delisi be required to restore this amount to the Plan on plaintiff's behalf in accordance with 29 U.S.C. § 1109(a).

**Injunctive Relief**

Plaintiff also seeks injunctive relief. Specifically, plaintiff seeks the removal of Delisi and Libonate as fiduciaries of the Plan and enjoinment of Delisi and Libonate from serving as a fiduciary to, or service provider of, any ERISA-covered employee plan.

To determine whether injunctive relief is warranted, the court must balance the following factors: (1) the likelihood of success on the merits of the plaintiff's claim (for a preliminary injunction) or the existence of actual success on the merits (for a permanent injunction); (2) the likelihood of irreparable injury to the plaintiff in the absence of an injunction; (3) the likelihood of harm to other interested persons if an injunction is issued; and (4) the public interest in granting versus not granting the injunction. *See Amoco Production Co. v. Village of Gambell*, 480 U.S. 531, 546 n.12 (1987); *Blackwelder Furniture Co. v. Seilig Mfg. Co., Inc.*, 550 F.2d 189, 193, 196 (4th Cir.1977).

Here, defendants have defaulted, thus plaintiff has shown actual success on the merits. Based on the facts established in this action, the likelihood of irreparable injury to plaintiff is high should Libonate and Delisi remain as fiduciaries of the Plan. Finally, the likelihood of harm to other interested persons is low if an injunction is issued, and the public interest would be served if the injunctive relief plaintiff seeks is granted. Therefore, the undersigned finds that plaintiff is entitled to the injunctive relief she seeks in this case that would remove Delisi and Libonate as fiduciaries of the Plan. As to Delisi and Libonate serving as fiduciaries to any ERISA-covered employee-benefits plan in the future, the undersigned recommends that the court defer on that issue and allow the U.S. Department of Labor to make that determination following its ongoing investigation.

**Count III: Violation of the Minimum Wage Provisions of the FLSA (Against True Communications and Libonate)**

To establish a violation of the FLSA for non-payment of the minimum wage under 29 U.S.C. § 206, a plaintiff must show that: (1) the plaintiff was employed by the defendant; (2) the plaintiff was engaged in commerce or in the production of goods for commerce; (3) the plaintiff was not compensated for all hours worked during each work week at a rate equal to or greater than the then-applicable minimum wage; and (4) none of the exemptions in 29 U.S.C. § 213 applied to the plaintiff's position. *See* 29 U.S.C. § 206.

The facts set forth in the complaint establish that plaintiff was employed by True Communications from August 4, 2009 through August 28, 2015. (Compl. ¶¶ 14, 23). During all times relevant, True Communications and Libonate had the ability to control the time, manner, and location of plaintiff's tasks and retained the power to hire and fire her and thus were employers under the FLSA. (Compl. ¶ 36). Plaintiff was engaged in commerce in that she worked at True Communications' location in Loudon County, Virginia, engaged with customers outside of Virginia, and was employed in an enterprise engaged in commerce or in the production of goods for commerce, as True Communications provided telecommunications services to businesses throughout the United States and had annual gross volume of sales made or business done not less than $500,000.[2] (Compl. ¶ 13). Plaintiff alleges that True Communications and Libonate failed to compensate her for all hours worked from May 31, 2015 through August 28, 2015. (Compl. ¶ 37). No evidence has been produced to show that any of the exceptions listed in 29 U.S.C. § 213 apply to plaintiff, and she appears to be a covered employee entitled to payment of minimum wage. *See Darveau v. Detecon, Inc.*, 515 F.3d 334,

---

[2] The undersigned questioned the plaintiff at the hearing on March 11, 2016 as to True Communications' gross volume of sales. Plaintiff confirmed that True Communications' gross volume of sales made or business done was not less than $500,000 during the relevant time period.

337 (4th Cir. 2008) ("An employer bears the burden of proving that a particular employee's job falls within such an exception.").

Plaintiff indicates that from May 31, 2015 through August 28, 2015, she worked a total of approximately 520 hours and received no compensation (13 weeks x 40 hours). (Warnick Decl. ¶¶ 11–12). Defendants have not contested plaintiff's recollection of the number of hours she worked. The federal minimum wage is $7.25 per hour. *See* 29 U.S.C. § 206(a)(1)(C). For each regular business hour worked, plaintiff is entitled to payment at the rate of $7.25 per hour. Plaintiff has thus appropriately calculated the amount of minimum wages due from May 31, 2015 through August 28, 2015 as $3,770.00 (520 hours x $7.25 per hour).

Accordingly, the undersigned recommends that a default judgment be entered in favor of plaintiff against Libonate and True Communications in the amount of **$3,770.00** in unpaid regular wages under the FLSA.

**Liquidated Damages**

In FLSA cases, employees are routinely awarded liquidated damages equal to the amount of unpaid wages. *See* 29 U.S.C. § 216(b); *Donovan v. Bel-Loc Diner, Inc.*, 780 F.2d 1113, 1118 (4th Cir. 1985). However, an employer can avoid the imposition of liquidated damages upon a showing of good faith. In this case, the employers have failed to appear and present any defense to plaintiff's claim of a violation of the FLSA. (Compl. ¶¶ 35–39). Accordingly, an award of liquidated damages equal to the amount of unpaid wages is appropriate.

For these reasons, the undersigned magistrate judge recommends that a default judgment be entered in favor of plaintiff against defendants True Communications and Libonate on Count III in the amount of **$7,540.00** (consisting of $3,770.00 in unpaid regular wages + $3,770.00 in liquidated damages owed under the FLSA).

16

**Count IV: Breach of Contract (Against True Communications and Libonate)**

In order to prevail on her claim for breach of contract under Virginia law, plaintiff must show: "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Sunrise Continuing Care, LLC v. Wright*, 671 S.E.2d 132, 135 (Va. 2009) (quoting *Filak v. George*, 594 S.E.2d 610, 614 (Va. 2004)). A legally enforceable obligation is shown by establishing an offer, acceptance, and valuable consideration. *See, e.g.*, *Montagna v. Holiday Inns, Inc.*, 269 S.E.2d 838, 845 (Va. 1980).

Plaintiff has established a claim for breach of contract under Virginia law against True Communications.[3] In her complaint, plaintiff alleges that she and True Communications entered into an employment agreement whereby True Communications promised to compensate plaintiff on an annual salary basis. (Compl. ¶ 41). Plaintiff alleges that in 2015, she agreed to work for the company in exchange for an annual salary of $118,000. (Warnick Decl. ¶ 7). Intending to be bound by the terms of that agreement, plaintiff performed work for True Communications from May 31, 2015 through August 28, 2015. (Compl. ¶ 42). Plaintiff also indicates that she accrued 40 hours of leave that True Communications agreed to pay to her under the employment contract. (Docket no. 17 at 10 n.3). True Communications is thus obligated to pay plaintiff in exchange for the 13 weeks of service she provided from May 31, 2015 through August 28, 2015, as well as the 40 hours of accrued leave under the agreement. Plaintiff alleges that True Communications breached this obligation by failing to compensate plaintiff for the work

---

[3] Plaintiff avers that "a valid and enforceable contract was entered into by and between Defendant True Communications, Inc.," and "despite Plaintiff's performance of her contractual duties *owed to the Defendant True Communications, Defendant True Communications* has failed and refused to compensate the Plaintiff in accord with the terms of the employment agreement." (Compl. ¶¶ 41, 43) (emphasis added). Accordingly, as the employment agreement was between plaintiff and True Communications, it does not appear a legally enforceable contractual obligation arose between plaintiff and Libonate, True Communications' president.

performed and the accrued leave at the agreed upon salary in the amount of $56.73 per hour

($118,000 per year / 2080 hours per year). (*Id.*). Thus, plaintiff claims True Communications

failed to pay plaintiff $31,768.80 (520 hours [13 weeks x 40 hours] + 40 hours of accrued leave x

$56.73 per hour). (*Id.*). However, plaintiff requests $23,215.21 in damages for breach of

contract, having subtracted the damages she claims she is entitled to under the FLSA and ERISA

for the time period of May 31, 2015 through August 28, 2015. (*Id.*); *see also Gen. Tel Co. of the*

*Nw., Inc. v. Equal Employment Opportunity Comm'n*, 446 U.S. 316, 333 (1980) ("[T]he courts

can and should preclude double recovery by an individual.").

    For these reasons, the undersigned recommends that a default judgment be entered in

favor of the plaintiff on Count IV in the amount of **$23,556.89** against True Communications,

comprised of plaintiff's contractual damages ($31,768.80) less plaintiff's unpaid wages under the

FLSA ($3,770.00) and unremitted contributions under ERISA ($4,441.91) for the time period of

May 31, 2015 through August 28, 2015.[4]

**Count VI: Fraud (Against True Communications and Libonate)**

    "An allegation of fraud requires a showing by clear and convincing evidence of an

intentional and knowing misrepresentation of a material fact, made with the intent to mislead,

and relied upon by another to his or her detriment." *Flippo v. CSC Associates III, LLC*, 262 Va.

48, 66 (2001).

    Plaintiff has established a claim for fraud against True Communications and Libonate

under Virginia law. Plaintiff alleges that True Communications and Libonate were aware that

---

[4] Plaintiff asked the court to consider her claim of unjust enrichment against all the defendants under Count V "[s]hould the Court conclude that Plaintiff and Defendants did not enter into an employment contract." (Docket no. 17 at 10). Having recommended a recovery for plaintiff against True Communications for breach of contract, the undersigned does not consider plaintiff's claim for unjust enrichment against all defendants. Furthermore, plaintiff has provided no argument for her averment that the court should pierce the corporate veil or find Libonate and Delisi, as shareholders and directors of True Communications, personally liable for unjust enrichment under Count V. As such, the undersigned does not recommend such a finding.

True Communications was not finalizing a merger, yet Libonate affirmed to plaintiff in July and August 2015 that such a merger was being finalized in order to induce plaintiff to continue working without pay. (Compl. ¶¶ 55, 56). Plaintiff indicates that she relied upon such false statements and as a result, continued working for True Communications without compensation before her termination on August 28, 2015. (Compl. ¶ 57). Plaintiff was never paid for the hours she worked during this period. (Compl. ¶ 24).

Plaintiff seeks punitive damages against True Communications and Libonate under Count VI. Virginia permits the recovery of punitive damages "upon proof of a degree of aggravation in the critical state of mind above the threshold level required to establish liability for compensatory relief." *Sit-Set, A.G. v. Universal Jet Exch., Inc.*, 747 F.2d 921, 928 (4th Cir. 1984) (citation omitted). This burden requires finding "an element of wantonness, or malice, or overreaching going beyond mere 'shadiness' in commercial dealings." *Id.* (citation omitted). Here, the alleged false statements by Libonate occurred over the course of a number of weeks and over time appear to track the alleged progress of a merger Libonate knew to be nonexistent. In relying upon these false statements that grew in specificity and detail, plaintiff continued to work without pay for a number of weeks. Accordingly, the undersigned recommends a finding that plaintiff has satisfied her burden to show that the actions of Libonate and True Communications were wanton and malicious. Accordingly, the undersigned recommends a finding of punitive damages in the amount of **$25,000.00**.

For these reasons, the undersigned recommends that a default judgment be entered in favor of the plaintiff on Count VI against True Communications and Libonate in the amount of **$25,000.00** in punitive damages.

**Count VII: Breach of Implied Covenant of Good Faith and Fair Dealing (Against All Defendants)**

"In Virginia, the elements of a claim for breach of an implied covenant of good faith and fair dealing are (1) a contractual relationship between the parties, and (2) a breach of the implied covenant." *Enomoto v. Space Adventures, Ltd.*, 624 F. Supp. 2d 443, 450 (E.D. Va. 2009) citing (*Charles E. Brauer Co., Inc. v. NationsBank of Va., N.A.*, 251 Va. 28, 466 S.E.2d 382, 386 (1996)). Allegations of "bad faith and unfair dealing in a contractual relationship" are sufficient to show a breach of the implied covenant. *Id.* at 451.

Plaintiff has established True Communications breached an implied covenant of good faith and fair dealing. Plaintiff has alleged that a contractual agreement existed between her and True Communications. (Compl. ¶ 15). Plaintiff has also alleged that True Communications' president, Libonate, was well aware that True Communications was not on the cusp of finalizing a merger that would allow the company to grow, and importantly, pay those employees who had not been paid, when he sent emails to plaintiff in July and August 2015 that expressed such representations. (Compl. ¶ 60). Plaintiff has alleged that Libonate's representations that the company was nearing a merger and financial certainty were made in bad faith, were inherently deceptive, and had the goal of inducing plaintiff to continue working without pay under her employment contract with True Communications. (Compl. ¶ 64).

Plaintiff seeks punitive damages for True Communications' breach of an implied covenant of good faith and fair dealing. The undersigned finds that True Communications' conduct "was so willful and wanton as to show a conscious disregard for the rights of others" and thus, punitive damages are appropriate. *PGI, Inc. v. Rathe Prods., Inc.*, 265 Va. 334, 346 (2003).

For these reasons, the undersigned recommends that a default judgment be entered in favor of the plaintiff against True Communications on Count VII in the amount of **$25,000** in punitive damages.

**Post-Judgment Interest**

In the motion default judgment, plaintiff also seeks post-judgment interest.  (Docket no. 17 at 16).  "[F]ederal law mandates the awarding of post-judgment interest" on any money judgment obtained in a civil case.  *Quesinberry*, 987 F.2d at 1031 (citing 28 U.S.C. § 1961).

Accordingly, the undersigned magistrate judge recommends a finding that interest subsequent to the date of judgment should be paid in accordance with, and at the rate prescribed by, 28 U.S.C. § 1961.

**Conclusion**

For these reasons, the undersigned magistrate judge recommends that a default judgment be entered in favor of plaintiff Elizabeth Warnick and against defendants True Communications, Inc., Stephen Libonate, and John Delisi as follows:

1. In the amount of **$11,510.17** against Libonate and Delisi, jointly and severally, on Counts I and II to be paid into the Plan on plaintiff's behalf;

2. In the amount of **$7,540.00** against True Communications and Libonate, jointly and severally, on Count III;

3. In the amount of **$23,556.89** against True Communications on Count IV;

4. In the amount of **$25,000.00** in punitive damages against True Communications and Libonate, jointly and severally, on Counts VI and VII;

5. That Delisi and Libonate be removed as fiduciaries of the Plan; and

6.  Plaintiff be awarded post-judgment statutory interest at the rate prescribed by 28 U.S.C. § 1961.[5]

## Notice

By means of the court's electronic filing system and by mailing a copy of this proposed findings of fact and recommendations to True Communications, Inc., 22375 Broderick Drive, Ste. 215, Sterling, VA 20166; Stephen Libonate, 9521 Bridgewater Court, Frederick, MD 21701; and John Delisi, 5 Rachel Drive, New Egypt, NJ 08533 the parties are notified that objections to this proposed findings of fact and recommendations must be filed within fourteen (14) days of service of this proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

ENTERED this 15th day of March, 2016.

/s/

John F. Anderson
United States Magistrate Judge

John F. Anderson
United States Magistrate Judge

Alexandria, Virginia

---

[5] The award of attorney's fees and costs are the subject of a separate motion pending before the District Judge.